UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPHINE McGINNIS | * | CASE NO. |
| | * | |
| versus | * | |
| | * | JUDGE |
| TARGET CORPORATION of MINNESOTA | * | |
| | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel comes defendant Target Corporation of Minnesota, a/k/a Target Corporation, A Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, (hereafter sometimes referred to as "Target") who hereby request this Honorable Court to remove that certain matter styled, "Josephine McGinnis versus Target Corporation of Minnesota" suit number 784-061, from the docket of the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, (hereinafter sometimes referred to as the "state court proceeding"), to the United States District Court for the Eastern District of Louisiana, on the following grounds, to-wit:

1.

On or about May 22, 2018, plaintiff filed a petition for damages against named defendant Target Corporation of Minnesota. Plaintiff Josephine McGinnis alleged that she received personal injuries as a result of tripping and falling on or about May 30, 2017 at a Target store location in Metairie, Louisiana.

2.

Plaintiff alleges that she is a domiciliary of the Parish of Jefferson, State of Louisiana. Therefore, plaintiff is a citizen of the State of Louisiana.

3.

Defendant Target Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, is a corporation organized under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. Therefore, Target is a citizen of the State of Minnesota.

4.

Plaintiff and defendant Target are citizens of different states.

1. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PRUSUANT TO 28 U.S.C. § 1332.**

5.

28 U.S.C. § 1332 provides Federal District courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- citizens of different States."

    A.    **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

6.

The petition for damages in the state court proceeding did not expressly set out a specific amount of damages which the plaintiff was seeking in the state court proceeding, i.e., the amount in controversy. The petition only made generic allegations of damages that Josephine McGinnis

sustained, specifically a fractured nose, bruises on her face, a cut to her lip, and injuries to her leg. She generally alleged she suffered physical and mental pain and suffering, and incurred medical expenses.

7.

The allegations of the state court petition were not such that it was readily ascertainable that the action was removable at the time of its filing. Since the filing of the petition for damages, and within the last 30 days, Target has received "other paper(s)" which evidence that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs. Target is informed and believes that the amount in controversy for the matter will exceed $75,000 exclusive of interest and costs.

8.

The "other papers" received by the defendant Target consisted of emailed discovery responses dated September 21, 2018 and a settlement demand dated October 3, 2018. Those papers clearly establish that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs. The settlement demand, which referenced medical records submitted with the discovery responses alleged that as a result of her incident at Target plaintiff has suffered facial fractures, knee contusion, cuts/scrapes, exacerbation of her existing Crohn's disease, exacerbation of prior bowel related issues, a large hiatal hernia with distal esophageal wall thickening, and new bilateral pleural effusions with associated compressive atelectasis and consolidative changes of adjacent lung parenchyma. The current total medical expenses allegedly related to the Target

incident are $50,471.23. Plaintiff's settlement demand for resolution of all claims against Target was for the sum total of $250,000.

9.

Based upon the above medical records and demand received on or about September 21, 2018 and October 3, 2018, respectively, Target is informed and believes that the amount in controversy for the matter will exceed $75,000 exclusive of interest and costs. Plaintiff's medical treatment is ongoing with continuing complaints, and the alleged known medical expenses to date are over a $50,000. Further, plaintiff values her claim at a sum total of $250,000. Accordingly, the alleged injuries, and medical expenses allegedly related to treatment thus far, and plaintiff's demand clearly indicate the amount in controversy will exceed $75,000 exclusive of interest and costs.

10.

Moreover, the petition fails to provide a general allegation that the claim exceeds or is less than the amount necessary to provide for lack of jurisdiction of federal court due to insufficiency of damages under La. C.C.P. art. 893. The state court petition is subject to amendment upon motion of plaintiff at any time, including the ability to assert damages greater than $75,000, exclusive of interest and costs.

11.

While Target admits no liability, nor any element of damages, Target has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

B.   **COMPLETE DIVERSITY**

12.

Defendant Target is a foreign corporation organized under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota.

13.

Plaintiff is a resident of and domiciled in the Parish of Jefferson, State of Louisiana.

14.

Accordingly, there is complete diversity of citizenship between the plaintiff and defendant.

15.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.   DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16.

Defendant Target was served with the Petition for Damages through its registered agent for service of process on June 22, 2018. It was not readily ascertainable from the petition for damages whether the matter was removable at that time. The original petition only made general

allegations of damages without information as to medical expenses or treatment rendered. Those generic allegations did not allow for removal at the time of service of same upon defendants.

17.

Plaintiff's subsequent discovery responses and Target's receipt of plaintiff's settlement demand on or after September 21, 2018 and October 3, 2018 constitute "other papers" from which it was ascertainable that the matter was removable. Therefore, this Notice of Removal is being filed within thirty (30) days after first receipt by defendants of a copy of another paper/pleading from which it may first be ascertained that the case is one which is or has become removable. This notice of removal is further being filed within one year of commencement of the action. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b) (3) and 28 U.S.C. § 1446(c).

18.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

19.

The 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a).

20.

No previous application has been made by defendant in this case for the relief requested herein.

21.

Defendant wishes to remove the claims which have been asserted by plaintiff in the state court proceeding to the United States District Court for the Eastern District of Louisiana. The claims that plaintiff, Josephine McGinnis, now asserted in the state court proceeding are claims between citizens of different states involving more than $75,000, exclusive of interest and costs. The claims which plaintiff, Josephine McGinnis, has asserted in the state court proceeding, therefore, fall within the jurisdiction of the United States District Court and may properly be removed to the United States District Court for the Eastern District of Louisiana. See, 28 U.S.C. § 1332, 28 U.S.C. §§ 1441 & 1446-1451.

22.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Josephine McGinnis, and a copy is being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

23.

Defendant is entitled to and request **trial by jury** of all issues herein.

WHEREFORE, defendant, Target Corporation of Minnesota, a/k/a Target Corporation, a Minnesota Corporation qualified to do business in Louisiana as Target Corporation of Minnesota, hereby removes this action from the 24th Judicial District Court for the Parish of

Jefferson, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

> Respectfully Submitted:
> **LAWRENCE KNIGHT & ASSOCIATES**
>
> By: __/s/David P. Curlin__
> David P. Curlin (#20771)
> John S. Lawrence, Jr. a P.L.C. (#19678)
> 225 St. Ann Drive
> Mandeville, Louisiana 70471
> Telephone: (985) 674-4446
> John@lawrence-knight.com
> David@lawrence-knight.com
> Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this **18th** day of **October, 2018**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Joseph LaHatta, Michael Brandner, and Scot Koloski, attorneys for plaintiff.

__/s/David P. Curlin__