# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPHINE MCGINNIS,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 18-9693 |
| TARGET CORPORATION<br>OF MINNESOTA,<br>    Defendant | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant Target Corporation of Minnesota (Target).[1] Plaintiff Josephine McGinnis opposes the motion.[2] Defendant filed a reply.[3] For the reasons that follow, Defendant's motion for summary judgment is **GRANTED**.

## BACKGROUND

This case arises out of a slip and fall incident that occurred on May 30, 2017, while Plaintiff was a patron at a Target in Metarie, Louisiana.[4] Plaintiff alleges fresh wax on the floor caused her fall.[5] Plaintiff filed a petition for damages against Defendant on May 22, 2018, in the Louisiana 24th Judicial District Court.[6] Defendant removed the case to this Court on October 18, 2018.[7] Defendant now moves for summary judgment.[8]

---

[1] R. Doc. 41.
[2] R. Doc. 52.
[3] R. Doc. 57.
[4] R. Doc. 41-3 ¶ 1; R. Doc 52-1, at 2 ¶ 1.
[5] R. Doc. 1-7 at 4; R. Doc 52-1, at 2 ¶ 5 (citing McGinnis Dep. April 16, 2019, 10:00 AM, at p. 49:23–25).
[6] R. Doc. 1-7.
[7] R. Doc. 1.
[8] R. Doc. 41.

1

# SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "An issue is material if its resolution could affect the outcome of the action."[10] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in favor of the nonmoving party.[12] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[13]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[14] If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[15]

---

[9] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[10] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[12] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[13] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[14] *Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 323).
[15] *Celotex*, 477 U.S. at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an

When proceeding under the second option, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[16] The burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[17] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[18] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[19]

"[U]nsubstantiated assertions are not competent summary judgment evidence."[20] The opposing party must "identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[21]

---

essential element); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[16] *Celotex*, 477 U.S. at 332–33.
[17] *Id.*
[18] *Id.* at 332–33, 333 n.3.
[19] *Id.*; *see also First Nat'l Bank of Ariz. V. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).
[20] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324)
[21] *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

## **FACTS**

The following facts are undisputed. On May 30, 2017, Plaintiff was a patron at a Target in Metarie, Louisiana.[22] While walking through the store, Plaintiff slipped and fell.[23] After the fall, Target employee Ashley McGill told Plaintiff the floor had been waxed that morning.[24] McGill then inspected the floor and wrote an incident report.[25] No debris was present on the floor.[26]

Plaintiff argues the following material facts are in dispute: whether Target waxed the floors;[27] whether the wax caused Plaintiff's fall;[28] whether there was anything wrong with the floor such as it being sticky or wet;[29] whether there was anything visibly wrong with the floor;[30] whether the Target in question had a history of people falling on its freshly waxed floors;[31] whether Target employee Ashley McGill noted the waxed floor and testified she had previously stumbled when the floors were freshly waxed;[32] whether there was any indication the floors were improperly waxed;[33] whether Plaintiff fell because she stumbled over her own feet;[34] and whether the floor waxing was completed around 6:30 a.m. on May 30, 2017, and Target inspected the floor following completion of the work.[35]

---

[22] R. Doc. 41-3 ¶ 1; R. Doc 52-1, at 2 ¶ 1.
[23] R. Doc. 41-3 ¶ 1; R. Doc 52-1, at 2 ¶ 1.
[24] R. Doc. 41-3 ¶ 3; R. Doc 52-1, at 2 ¶ 3.
[25] R. Doc. 41-3 ¶ 12; R. Doc 52-1, at 2 ¶ 12.
[26] R. Doc. 41-3 ¶ 18; R. Doc 52-1, at 2 ¶ 18.
[27] R. Doc. 52-1, at 5 ¶ 24 (citing McGill Dep. at p 9:6–8).
[28] *Id.* at 1 ¶ 1 (citing McGinnis Dep. April 16, 2019, 10:00 AM, at pp. 44, 46, 49).
[29] *Id.* at 4 ¶ 14, 16–17 (citing McGill Dep. at p. 12:1–7, 21–22).
[30] *Id.* ¶ 19 (citing McGinnis Dep. April 16, 2019, 10:00 AM, at p. 84:11–15; McGinnis Dep. April 16, 2019, 11:36 AM, at p. 21:4–9; McGill Dep. at p. 22:18–24).
[31] *Id.* at 1 ¶ 2 (citing McGill Dep. at pp. 7, 12, 13).
[32] *Id.* ¶ 3 (citing McGill Dep. at pp. 7, 12, 13 and May 30, 2017 Guest Incident Report).
[33] *Id.* at 5 ¶ 20 (citing McGill Dep. at p. 12:1–7, 21–22).
[34] *Id.* ¶ 21 (citing McGill Dep. at p. 12:1–7, 21–22).
[35] *Id.* at 2 ¶ 4 (citing Target Dep. pp. 14–15, 22–23).

## **LAW AND ANALYSIS**

As the moving party, Defendant bears the burden of establishing the absence of any genuine issues of material fact and that it is entitled to judgment as a matter of law. To meet this burden, Defendant submits Plaintiff is unable to establish the essential elements of her slip-and-fall cause of action.[36]

Slip and fall cases are governed by Louisiana Revised Statutes section 9:2800.6(B), which provides in pertinent part:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of [her] cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[37]

Under this statute, "[m]erchants are required to exercise reasonable care to protect those who enter the establishment, to keep the premises safe from unreasonable risks of harm, and to warn persons of known dangers."[38] Nevertheless, merchants are not the insurers of patrons, and a store owner is not liable every time an accident happens.[39]

Defendant argues there is insufficient evidence in the record to support the first element—that the floor presented an unreasonable and foreseeable risk of harm—and

---

[36] R. Doc. 41-4, at 6.
[37] LA. STAT. § 9:2800.6(B).
[38] *Trench v. Winn-Dixie Montgomery LLC*, 14-152 (La. App. 5 Cir. 9/24/14), 150 So. 3d 472, 476.
[39] *Id.*

insufficient evidence to support the second element—that Target created or had notice of the dangerous condition.

I.  **Defendant Has Shown There Is No Evidence to Establish It Created the Floor's Condition, But Failed to Establish There Is No Evidence It Lacked Notice of the Condition**

For Plaintiff to succeed on her claim, section 9:2800.6(B)(2) requires her to prove at trial Defendant "created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence."[40] Defendant argues Plaintiff has not presented sufficient record evidence to establish either prong of this element.[41]

A plaintiff can satisfy section 9:2800.6(B)(2) in two ways. First, section 9:2800.6(B)(2) is satisfied if a defendant "creates" the dangerous condition.[42] In the context of floors made hazardous by wax buildup, the Louisiana Court of Appeals held in *Savoie* if "[a defendant] maintains its own floors, [plaintiffs] are not required to prove that [defendant] had notice or constructive notice of the possible buildup. If there was a buildup, [defendant] created it, thus, the notice requirement of La.R.S. 9:2800.6 does not apply."[43] If the defendant did not maintain its own floors, the plaintiff must prove the defendant had notice or constructive notice of the buildup.

However, even if a defendant has not created the hazardous condition, section 9:2800.6(B)(2) is also satisfied if a defendant had "actual or constructive notice of the condition which caused the damage, prior to the occurrence."[44] This notice requirement is further explained by Louisiana Revised Statutes section 9:2800.6(C), which details that

---

[40] LA. STAT. § 9:2800.6(B)(2).
[41] R. Doc. 41-4, at 6.
[42] *Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 748 (5th Cir. 2017) ("[T]he plain meaning of the statute make[s] clear; plaintiffs must prove either creation of the hazard or actual or constructive notice thereof. There is no requirement of notice when it comes to creation of the hazard.").
[43] *Savoie v. Sw. La. Hosp. Ass'n*, 2003-982 (La. App. 3 Cir. 2/25/04), 866 So. 2d 1078, 1081.
[44] LA. STAT. § 9:2800.6(B)(2).

6

a merchant is charged with having constructive notice of the unsafe condition when "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."[45] In *White v. Wal-Mart Stores, Inc.*,[46] the Louisiana Supreme Court explained when there is an absence of evidence indicating how the hazard was created, the statute requires a plaintiff to make a "positive showing" that the complained-of condition existed for some period of time prior to the fall and that such time period was sufficiently lengthy that a merchant should have discovered the condition.[47] "Though there is no bright line time period," the statute does not allow for the inference of constructive notice absent some positive showing of this temporal element.[48]

In this case, Defendant has demonstrated a lack of record evidence as to whether it created the condition of the floors in Target at the time of Plaintiff's fall. Defendant asserts "Target did not wax the floors, as such, there is no evidence that they created a dangerous condition or had actual knowledge of one."[49] To support this claim, Defendant relies on the Rule 30(B)(6) deposition of Target representative Joshua Hebert.[50] In that deposition, Hebert points out the condition of the floors was technically the result of sealant rather than wax,[51] and states Target's independent contractor "Prestige" stripped and sealed the floors rather than Defendant itself.[52] In general, Defendant should not be held liable for the acts of its independent contractor Prestige,[53] and Plaintiff has failed to

---

[45] LA. STAT. § 9:2800.6(C)(1).
[46] 97-0393 (La. 9/9/97), 699 So. 2d 1081.
[47] *Id.* at 1084.
[48] *Id.*
[49] R. Doc. 41-4 (citing Target Dep.)
[50] *Id.*
[51] R. Doc 57-1, at 4.
[52] *Id.* at 2–3.
[53] *Thomas v. Albertsons, Inc.*, 28,950 (La. App. 2 Cir. 12/11/96), 685 So. 2d 1134, 1139, *writ denied*, 97-0391 (La. 3/27/97), 692 So. 2d 395 (holding that because an independent contractor created a hazardous

call to the Court's attention any reason the general rule should not take effect. As a result, Defendant has shown there is no evidence in the record to establish Defendant created the condition of the floors.

Even if Defendant has established it did not create the condition, there is a genuine dispute of material fact as to whether it had notice of the conditions. First, as Plaintiff points out, Defendant's "maintenance guy" inspected the floors immediately after they were waxed on May 30, 2017.[54] Second, at least four hours passed between the time the work on the floors was complete, 6:30 a.m.,[55] and the time Plaintiff fell, 11:30 a.m.[56] That period of time prior to the fall was sufficiently lengthy to allow Defendant to discover the condition.[57] Accordingly, both the inspection and the elapsed time between the work and Plaintiff's fall could have put Defendant on constructive notice of the floor's condition.

The Court finds Defendant has shown there is no genuine dispute of material fact as to whether it created the condition of the floors prior to Plaintiff's fall, but there are genuine disputes of material fact as to whether Defendant had notice of the condition of the floors.

## II. No Record Evidence Establishes the Floor Presented an Unreasonable Risk of Harm

To succeed on her claim under section 9:2800.6(B)(1), Plaintiff will bear the burden at trial of proving the wax on Target's floor presented an unreasonable risk of

---

condition on a grocery store floor, the store had to have notice of that condition to be liable for a fall the condition caused and implicitly commanding the store did not create the hazard).
[54] R. Doc. 52-1, at 2 ¶ 4 (citing Target Dep. at pp. 22–23).
[55] *Id.*
[56] *Id.* at 1 ¶ 1.
[57] *White*, 699 So. 2d at 1084.

8

harm. In its motion for summary judgment, Defendant argues Plaintiff has not presented sufficient record evidence to establish this element.[58]

In support of its argument, Defendant directs the Court to the informative case *Trench v. Winn-Dixie Montgomery, LLC*.[59] In *Trench*, the plaintiff alleged she fell because of a slippery floor in a grocery store but admitted she did not know why the floor was slippery.[60] She claimed a store manager had informed her the floor had just been waxed.[61] No one, however, saw anything on the floor that could have caused the plaintiff's fall, including any excess wax or wax buildup.[62] The only evidence the condition of the floor presented an unreasonable and foreseeable risk of harm was plaintiff's own speculative testimony.[63] As a result, the court determined the plaintiff had not shown through record evidence the waxed floor presented an unreasonably dangerous condition and summary judgment in favor of the defendant was proper.[64]

Defendant argues the instant case is on all fours with *Trench*.[65] First, Defendant points out that much like in *Trench*, Plaintiff fell for an initially unknown reason and only claimed the floor was dangerous because of a recent waxing after Target employee McGill informed her the floor had been waxed that morning.[66] Further, Defendant argues Plaintiff has not presented any evidence the floor was improperly waxed or otherwise unreasonably dangerous.[67] Instead, just as in *Trench*, Plaintiff's claim rests entirely on

---

[58] R. Doc. 41-4, at 6.
[59] *Trench*, 150 So.3d at 472.
[60] *Id.* at 476.
[61] *Id.*
[62] *Id.*
[63] *Id.*
[64] *Id.* at 477.
[65] R. Doc. 41-4 at 7.
[66] *Id.* at 8.
[67] *Id.*

9

her own speculation.[68] This speculation, Defendant argues, does not provide evidence sufficient for a jury to find the floor was unreasonably dangerous.[69] The Court finds Defendant has met its initial burden of affirmatively demonstrating there is no evidence in the record to establish the first element of Plaintiff's claim that the floor presented an unreasonable risk of harm.

However, Plaintiff, as the party opposing summary judgment, may still defeat Defendant's motion by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[70] Plaintiff must identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim that Defendant is liable to her for her injuries.[71]

In an attempt to do this, Plaintiff directs the court to McGill's testimony that she had fallen on Target's floors herself.[72] This argument is of no avail, though, because McGill did not testify the wax, or anything else, on Target's floors caused her to stumble.[73] She merely testified she had fallen before because she did not pick her feet up after Target waxed the floors, not that there was anything dangerous about the waxing.[74] In fact, McGill agreed three times "it was just a normal floor" at the time of Plaintiff's fall[75]

Plaintiff also points the Court to three cases in which Louisiana courts found wax on a floor to be unreasonably dangerous.[76] Those cases are all distinct from the instant

---

[68] *Id.*
[69] *Id.*
[70] *Celotex*, 477 U.S. at 332.
[71] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[72] R. Doc. 52-1, at 1 ¶ 2–3.
[73] R. Doc. 52-2 at 30–31.
[74] *Id.*
[75] R. Doc. 41-8 at 14, 16, 18.
[76] R. Doc. 52 at 4.

case because, in each one, the respective plaintiffs presented evidence the waxed floor at issue actually was dangerous. In *Savoie v. Southwest Louisiana Hospital Association*, the plaintiffs presented expert testimony explaining the long term build up of wax on the floor in dispute.[77] In *Choyce v. Sisters of Incarnate Word*, the plaintiffs again provided expert testimony explaining inherently dangerous nature of the particular waxed floor.[78] And in *Duckett v. K-Mart Corp.*, the plaintiff presented an eye witness account of obvious signs of wax build up.[79] None of the cases stand for the proposition that wax on a floor alone—absent some other indication of dangerousness—suffices to allow a jury to find a waxed floor to be unreasonably dangerous.

As the Fifth Circuit has held, summary judgment cannot be avoided by showing "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[80] "Rather, the non-moving party must set forth specific facts showing the existence of a genuine issue concerning every essential component of its case."[81] "Testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion because there is no issue for trial unless there is sufficient evidence favoring a nonmoving party."[82]

Plaintiff has failed to call the Court's attention to supporting evidence in the record establishing a genuine dispute as to whether Target's floors were unreasonably dangerous as required by Louisiana Revised Statutes section 9:2800.6(B)(1). Accordingly, the Court

---

[77] 2003-982 (La. App. 3 Cir. 2/25/04), 866 So. 2d 1078, 1081.
[78] 25,958 (La. App. 2 Cir. 8/19/94), 642 So. 2d 287, 290, *writ denied sub nom. Choyce v. Sisters of the Incarnate Word*, 94-2510 (La. 12/9/94), 647 So. 2d 1119.
[79] 94-0579 (La. 10/17/94), 645 So. 2d 621, 622.
[80] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations and internal quotation marks omitted); *see also Lawrence v. Federal Home Loan Mortg. Corp.*, 808 F.3d 670, 673–74 (5th Cir. 2015).
[81] *Boudreaux*, 402 F.3d at 540 (citations and internal quotation marks omitted).
[82] *Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)).

finds Defendant showed there is no genuine dispute of material fact as to this essential element of Plaintiff's claim. Because plaintiff must meet all elements of section 9:2800.6, Defendant is entitled to judgment as a matter of law.

## **CONCLUSION**

**IT IS ORDERED** that the motion for summary judgment filed by Defendant Target Corporation of Minnesota be and hereby is **GRANTED**.[83]

**New Orleans, Louisiana, this 13th day of September, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[83] R. Doc. 41.